**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

          v.

JERRY BROWN,

          Defendant,

        and

DAVID MATHIS,

          Surety.

_____

12-CR-292-A
**DECISION AND ORDER**

The Government moves to forfeit surety David Mathis' $10,000 cash bond, which he posted as security for Defendant Jerry Brown's release. The Court assumes familiarity with the facts underlying the Government's motion.

Federal Rule of Criminal Procedure 46(f) states that "[t]he court must declare the bail forfeited if a condition of the bond is breached," but "[t]he court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . it appears that justice does not require bail forfeiture."[1] To decide whether a bond should be forfeited, the Second Circuit has instructed district courts to consider "[w]hether the defendant's breach of the bond conditions was willful; the cost, inconvenience and prejudice suffered by the government as a result of the breach; any explanation or mitigating factors presented by the defendant; whether the surety has assisted in the apprehension of the defendant; and whether the surety is a professional or a friend or member of the

_____

[1] The Government's forfeiture motion also relies on 18 U.S.C. § 3146(d). That statute, however, applies only "[i]f a person fails to appear before a court as required." There has been no suggestion that the Defendant ever failed to appear for court.

1

defendant's family." *United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994) (quotation marks and ellipsis omitted).  A court should also consider "the deterrence value served by total forfeiture."  *Id.* at 575.

In response to the Government's motion, the surety first argues that he was never made aware that the bond was subject to forfeiture if the Defendant violated the terms of his release.  Instead, the surety claims, he only believed the bond was subject to forfeiture if the Defendant did not appear for court.

The Court finds no merit in this argument.  The surety concedes that the two-page appearance bond states—above a bolded heading reading "Forfeiture or Release of the Bond"—that the bond "may be forfeited if the defendant does not comply with the above agreement," and that "[t]he court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement.  At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interests and costs."  Docket No. 6 at 1.  The second page of the appearance bond states—above the surety's signature—that the surety "read th[e] appearance bond and ha[s] either read all the conditions of release set by the court or had them explained to [the surety].  I agree to this Appearance Bond."  *Id.* at 2.  The surety then signed the appearance bond under penalty of perjury.

Thus, the terms of the bond compel the Court to conclude that the surety understood that the bond was subject to forfeiture if the Defendant violated any term of his release.  Indeed, if a statement as conclusory as the surety's were a sufficient reason

to deny a forfeiture motion, it would be very difficult for the Government to ever forfeit a bond.  The purpose of a secured bond would therefore be severely undermined.

The surety's second argument, however, is more persuasive.  In his affidavit, the surety states that he was never made aware that the Defendant's conditions of release were modified; that he was never advised of the fact that the Defendant violated the terms of his release; and that he never consented to continuing the bond after the Defendant violated the terms of his release.[2]  *See* Docket No. 163-1 ¶¶ 5-6.

The Court concludes that the modification of the Defendant's release conditions— in particular, the imposition of a zero-tolerance condition—"materially increased the surety's risk." *Gambino*, 17 F.3d at 574.  Because that increased risk came without notice to the surety, and without his consent to continuing the bond, the surety has made a persuasive argument that he is entitled to return of the bond.

Finally, the Government has not demonstrated that it was materially prejudiced by the Defendant's bail violations.  The Defendant did not abscond in the six years this case was pending, and while his bail violations—drug use—were undoubtedly serious, they did not pose any significant harm to the community, and they did not create anything more than administrative inconvenience for the Government.  The Government did not need to expend resources to find a fugitive, nor did it need to conduct an extensive investigation into the Defendant's criminal conduct while on release.

The Court is mindful that deterrence should play a large role in deciding whether to forfeit a bond.  But based on the facts of this case, the Court does not believe that the deterrence value of a secured bond is undermined by denying the Government's motion.

---

[2]  The Government has not contested these factual claims.

The Defendant was available for every Court appearance, and his bail violations, though serious, consisted only of two positive drug tests.

The Government's motion for forfeiture (Docket No. 159) is therefore denied, and the Clerk of Court is directed to return to David Mathis the $10,000 he posted as bond.

**SO ORDERED.**


Dated: July 26, 2018                                          */s/ Richard J. Arcara*
     Buffalo, New York                              HONORABLE RICHARD J. ARCARA
                                              UNITED STATES DISTRICT JUDGE